## TEXAS & PACIFIC RAILWAY v. ANDERSON.

Appeal from Fannin county.

*Damages—Practice.*—Briefly stated, this action for damages al-

leged that defendant was driving his wagon over a public crossing of the company's track, when a train came along, frightened the horses, caused them to run away, upturn the wagon, demolish it, and injure appellee. Appellants demurrer alleged the damages claimed as too remote for recovery. Proximate, or immediate or direct damages are the ordinary and natural results of the negligence, such as are usual and therefore may have been expected; and this includes in the category of remote damages, such as are the result of accidental or unusual combinations of circumstances, which would not be reasonably anticipated, and over which the negligent party has no control. But there can be no fixed and immediate rule that can be applied to all cases. Much therefore depend upon the particular case. (2 Thomp. on Neg., p. 1083.) For another general rule see same author, p. 1084; and Add. on Torts, 5. "Where there is no immediate or efficient cause the original wrong must be considered as reaching to the effect and proximate to it." (Field on Dam., 705.) This case comes within these rules, as the petition alleges that no whistle was sounded or bells rung as the train approached the crossing. The damages were not remote. (W. & W. Con. Rep., sec. 655.) The evidence was sufficient to show negligence on the part of the company's servants. The law does not require persons approaching a railroad crossing to stop and listen for trains, and having pleaded contributory negligence, the onus was on the company to prove it.

Opinion by Willson, J.